**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUSTAVO MARQUEZ-REVELES,

    Defendant-Appellant.

No. 12-1306
(D.C. No. 11-CR-00250-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After convicting Gustavo Marquez-Reveles of unlawfully reentering the country after a previous deportation, *see* 8 U.S.C. § 1326(a), (b)(1), the district court sentenced him to thirty months in prison followed by twenty-four months supervised release. Now Mr. Marquez-Reveles asks us to hold this sentence substantively unreasonable. This we are unable to do.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Marquez-Reveles argues that his thirty-month prison sentence fails to account appropriately for his personal history, as required by 18 U.S.C. § 3553(a)(1). Mr. Marquez-Reveles points out that he reentered the country only to find work to support his family. But the district court expressly took account of this fact. *See* Sentencing Hr'g Tr. 7, R. vol. 1 at 71. And in selecting a sentence the court had to weigh this fact against others, including Mr. Marquez-Reveles's *multiple* prior illegal entries into the United States, no less a part of his personal history than his good intentions. How to balance competing facts about a defendant's history is, of course, a matter calling for sensitive judgment, and different minds may well come to different conclusions. "In many cases," and perhaps this one, there is a range of possible sentencing outcomes that "the facts and law at issue can fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Precisely because of this — and because the district court enjoys a comparative advantage in exercising the sensitive judgment sentencing calls for, given its superior familiarity with the individual defendant — this court does not "pick and choose among" possible sentencing outcomes itself, but instead "defer[s] to the district court's judgment so long as it falls within the realm of the[] rationally available choices" the facts and law support. *Id.* In this case, we simply cannot say that the district court's within-guidelines and so presumptively reasonable sentencing choice was an irrational one in light of the conflicting information about Mr. Marquez-Reveles's personal history.

Much the same holds true when it comes to the question of supervised release. Mr. Marquez-Reveles observes that a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S. Sentencing Guidelines Manual § 5D1.1(c). But he forgets that supervised release is nevertheless appropriate "if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances" of that particular case. *Id.* § 5D1.1 cmt. 5. And that is precisely what happened here. When Mr. Marquez-Reveles challenged the imposition of supervised release, the district court explained that it did so "because this defendant has a history of being sentenced for illegal reentry, then being deported, and then reentering again. And I intend the maximum penalty to be available should he repeat that process." Sentencing Hr'g. Tr. 9, R. vol. 1. at 73. Others might choose a different sentence, but this one was supported by the law (the applicable guidelines guidance) and the facts (the defendant's history of repeated illegal reentries). In these circumstances, the district court's judgment was a rational one we are not free to displace with our own.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge